Affirmed and Memorandum Opinion filed March 16, 2004









Affirmed and Memorandum Opinion filed March 16, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00578-CR

_______________

 

SANTIAGO COLOCA TOBON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________________________________

 

On
Appeal from the 174th District Court

Harris County, Texas

Trial
Court Cause No. 732,472

________________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Santiago
Coloca Tobon appeals a conviction for first degree murder[1]
on the ground that the trial court erroneously overruled his objection to the
prosecutor=s improper jury argument that
injected new and harmful facts before the jury during the punishment
phase.  We affirm.








Proper
jury argument includes, among other things, answering opposing counsel=s argument.  Wesbrook v. State, 29 S.W.3d 103, 115
(Tex. Crim. App. 2000).  In addition, the
prosecution may argue outside the record in responding to the defense having
done so.  See Wilson v. State, 938
S.W.2d 57, 60 (Tex. Crim. App. 1996).

In
this case, before the prosecutor made the complained of argument, defense
counsel argued that appellant should be given probation because, among other
things: (1) during the years since 1979 while appellant had been in this
country, he had never been incarcerated; 
(2) AFrom >96 to now, he has not had any
problems with the law.  He has obeyed the
law and stayed out of trouble@; and (3) AWe=re talking about an individual that made a horrible mistake
seven years ago.  Before that time he had
had no problems.  After that time he has
had no problems with the law.@

The
prosecutor thereafter made the following argument:

PROSECUTOR:        He fled, and the good Lord knows we don=t know where he was. 
He can tell you wherever he wants you to believe that he was, but we don=t know anything about him.  We don=t know
where he was.  We don=t know if he was in Mexico, Columbia, United States.  We don=t
know.  And there is no way to tell if
he has been in any kind of trouble in any other country.  It=s a sad
reality about our criminal justice system. 
We=d never know if he=s been in prison for murder before.  If it didn=t happen here, we=re not
going to know about it.  If it happened
in another jurisdiction, with the nation-wide AFIS SystemB.

 

DEFENSE
COUNSEL:         Your Honor, I=m going to object to counsel testifying about
something that is not in evidence

.

THE
COURT:            That will be
overruled.  It=s response to the argument.  You may continue.

(emphasis added).








Appellant
contends that the prosecutor=s foregoing argument improperly invited the jury to assess
appellant=s punishment by speculating on facts
outside the record that he had other convictions.  However, because defense counsel had also
argued outside the record that appellant had never otherwise been in trouble
with the law, the prosecutor=s argument in response thereto was not improper.  Therefore, we overrule appellant=s sole point of error and affirm the
judgment of the trial court.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed March 16, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
found appellant guilty and sentenced him to twenty years confinement.